**W. BINGHAM CO. v. WARE et al.**

No. 5588.

Circuit Court of Appeals, Sixth Circuit.

Jan. 13, 1931.

Henry Huxley, of Chicago, Ill. (Howard Somervell, of Chicago, Ill., on the brief), for appellant.

Howard Cox, of Chicago, Ill. (Cheever, Cox & Moore and Roy H. Olson, all of Chicago, Ill., on the brief), for appellees.

Before DENISON, MOORMAN, and HICKS, Circuit Judges.

MOORMAN, Circuit Judge.

This is a suit for infringement of the Ware patent, 1,469,344, relating to rollers or wheels for roller skates. The wheels complained of were manufactured by the Winslow Skate Manufacturing Company and sold to defendant. The bill alleged infringement of claims 1, 2, 3, and 8. The decree adjudged all of these claims valid but only claim 2 infringed. No appeal has been taken by the plaintiffs from the holding of claims 1, 3, and 8 not infringed.

The patented structure as set forth in claim 2 consists of a roller having a resilient tire with an annular flange projecting inwardly, a central hub with the familiar ball race for anti-friction balls, bushings supported upon the hub on each side of the balls and so arched as to bear upon them, and a pair of rings on opposite sides of the bushings for clamping them together, the rings engaging the sides of the tire flange and the adjacent portions of the body of the tire. These various parts are held assembled in a unitary structure by rivets passing through suitable apertures in the rings. While this riveted connection is not specifically called for in the claims, it is, we think, permissibly implied in the clamping of the rings against the bushings and the tire.

The field, when Ware entered it with the patent in suit, had been substantially narrowed by the earlier patents. These are relied upon by appellant as anticipations. It is to be admitted, too, that analogous forms of one or more of the elements of the structure may be found in some one or other of these references. None of them in our opinion brought into combination all the structural and functional equivalents of the Ware patent. Bartlett, 560,151, and Nice, Jr., 871,518, both had the rubber tire with rivets connecting the side plates. Bartlett, however, had no bushings or ball race, and while Nice, Jr., had two race rings or sets of bushings instead of one, it exhibits nothing to correspond to the clamping functions of Ware. Ware 1,101,360, Nice 1,177,046, and Brown 1,186,074 were all-metal structures. Ware, 1,101,360, was similar to Everett, 1,021,362, in that it had a metal tread formed by bringing one of the side members across the outer periphery of the roller and locking it against the other side. Neither of these patents disclosed anything with respect to holding a rubber tire and ball race bushings in their proper relation by the clamping of rings or side plates. In so far as Figure 4 of Nice is claimed to be pertinent, it may be said that that figure was evidently intended to describe a pulley for rope transmission and contains no suggestion of the clamping action shown in the patent in suit. Besides other dissimilarities, Brown had the outer periphery of its side plates bent inwardly to form the tread, the meeting edges being mortised.

It is said by counsel for appellant that it was a simple matter to take Brown or some other of the metal rollers, remove the steel tread and reform the side plates for the mounting of a rubber tire, and thus produce Ware. Examining the prior patents in connection with the Ware structure, since it has now been devised, that would seem true, but patentability is not defeated by feasibility of effecting the same result by the changing of existing structures. Topliff v. Topliff, 145 U. S. 156, 12 S. Ct. 825, 36 L. Ed. 658; and Nelson Mfg. Co. v. Myers & Bro., 25 F.(2d) 659 (6 C. C. A.). We do not find in the Ware structure the "rocker action" claimed for it. It is, however, simple of construction and satisfactory—more satisfactory than any that had theretofore been developed. That it was an advance is evidenced by the copy-

ing and adoption of it by others engaged in the same business. It is apparent, also, from the record that there was need for improvement in the art. The Winslow Company, recognizing this need, built a roller, but neither its device nor any other referred to in the proofs had the structural and manufacturing advantages that Ware's has. Ware's construction, as we have said, was better than anything that had theretofore been built. In order to produce it he utilized old elements, it is true, but in our opinion he brought them together, after modifications and changes, into a new and useful structure.

We are of the further opinion that there is infringement of claim 2. Defendant's structure has the resilient tire with the annular flange projecting inwardly, the central hub, bushings supported upon the hub, side plates on the opposite sides of the bushings for clamping them together and engaging the sides of the tire flange. The bushings consist of an additional piece forming a race way for the balls, the equivalent, we think, of plaintiff's bushings, so called, which perform the same function with the further service of partially supporting the tire. The side plates which defendant uses for clamping its bushings together and engaging the side of the tire flange, and the adjacent body portions, perform the same function in substantially the same way as plaintiffs' rings. We do not regard it as important that in plaintiffs' device a portion of the load is transmitted directly to the tire through the flanges of the bushings and the remaining portion through the outwardly extended flanges of the ring, whereas the entire load of defendant's device is transmitted through the agency of the flanges of the side plates.

The decree is affirmed.